# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM M. REES, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-399-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
|       Defendant. | ) |

## OPINION AND ORDER

The claimant Tim M. Rees requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on March 12, 1963 and was forty-six years old at the time of the administrative hearing. He earned his GED and has past relevant work as a tow truck driver and welder (Tr. 30). The claimant alleges that he has been unable to work since December 18, 2003, because of a broken ankle and shoulder and knee and neck pain (Tr. 70-71).

**Procedural History**

The claimant applied on July 14, 2004 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain determined that the claimant was not disabled in a written opinion dated May 11, 2010 (Tr. 40-51). That decision was remanded by the Honorable Frank H. Seay of the Eastern District of Oklahoma. In the meantime, the claimant filed a second application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Those applications resulted in a favorable decision. A second administrative hearing was conducted in the instant case, and ALJ Osly F. Deramus again determined that the claimant was not disabled in a written opinion dated July 30, 2009. The Appeals Council

denied review, so that opinion represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant has the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b); 416.927(b), but that claimant would need to avoid work above shoulder level (Tr. 425). The ALJ also found that the claimant could only occasionally bend and stoop (Tr. 425). Due to mental impairments, the ALJ found that the claimant was moderately limited, but capable of functioning satisfactorily in interacting with the general public and interacting appropriately with the public. Further, the ALJ found that the claimant was severely limited, but not precluded, from responding properly to work pressure in the usual work setting (Tr. 425). While the ALJ found that the claimant was not capable of performing his past relevant work, the ALJ found that there was other work in the national economy that claimant is capable of performing, *i. e.*, center punch operator and assembler (Tr. 430).

## Review

The claimant contends that the ALJ erred: i) by ignoring an award of benefits on the claimant's second application as evidence for the applications at issue here; ii) by failing to perform a proper step five determination, and iii) by failing to properly analyze the claimant's credibility. The undersigned finds the claimant's first contention persuasive.

The claimant's alleged disability arose from a work accident occurring on December 18, 2003, in which a 1200 pound trailer fell on him, catching his foot and impacting his left shoulder, right knee, and left foot and ankle (Tr. 117). By April 1, 2004, Dr. David de le Garza stated that claimant was capable of returning to "light duty work where he wouldn't be on his feet for too long during the day and can answer telephones and do some mild clerical type work" (Tr. 115). When the claimant filed his second application for benefits, the Social Security Administration referenced Dr. de la Garza's findings in an RFC assessment where the state physician determined that the claimant was capable of standing/walking for less than two hours in an eight-hour workday (Tr. 408-11). Based on that RFC assessment, the Social Security Administration found that claimant was disabled beginning July 20, 2006, as he could not perform even sedentary work (Tr. 408-11). At the second administrative hearing in this case, which was held on June 23, 2009, claimant's attorney raised the issue of the RFC assessment in the second application as material evidence that should be considered in the instant case, arguing that it relied (at least in part) on the findings of claimant's orthopedic surgeon Dr. de la Garza dated April 1, 2004 which was within the time period at issue in this case (Tr. 485).

The ALJ acknowledged in his opinion that the claimant had filed a second application for disability insurance benefits and supplemental security income payments (Tr. 419). The ALJ likewise acknowledged that the second application had been approved, and the claimant had been adjudicated disabled beginning July 20, 2006 (Tr. 419). He summarized the claimant's testimony and medical evidence, but found that the

claimant was not disabled during the relevant time period, *i. e.*, December 18, 2003 through July 19, 2006. In making this decision the ALJ erroneously failed to consider the RFC assessment from the second application, which clearly references Dr. de la Garza's April 1, 2004 opinion to arrive at the conclusion that the claimant could stand/walk for less than two hours in an eight-hour workday (Tr. 408). The Court finds that the RFC assessment at issue in this case "bear[s] directly and substantially on the matter in dispute" and "there is a 'reasonable possibility that the new evidence would have changed the outcome of the . . . determination.'" *Lively v. Astrue*, 2012 WL 764463, *1 (D. Colo. Mar. 8, 2012), *quoting Browning v. Astrue*, 2010 WL 1511667, at *10 (D. Ariz. April 15, 2010) [unpublished opinion]. *See also*, *Chamblin v. Astrue*, 2010 WL 3843031, at *3 (D. Colo. Sept. 24, 2010) (finding medical evidence supporting a finding of disability on a subsequent disability application constituted new and material evidence because "the more recent application was granted based in part on the same consultative examination" that was in the record on the case at issue where the ALJ found no disability) [unpublished opinion]; *Wetselline v. Astrue*, 2008 WL 1994930, at *2 (W.D. Okla. May 5, 2008) (finding that the medical evidence presented in support of a subsequent application should have been considered in the case at issue as it constituted new and material evidence under 42 U.S.C. § 405(g)) [unpublished opinion]. The claimant has also shown good cause for the failure to incorporate this evidence into the record in the proceedings before the ALJ in this case (Tr. 406-07) ("Counsel for the Claimant pointed out to the Administrative Law Judge that this RFC was relied on by the Social Security Administration in the second application and that it was based on medical

findings and tests performed in 2004. Counsel also asked that the RFC . . . in the second application be included in the record. . . . On August 24, 2009, the undersigned faxed and sent a certified letter requesting a thirty day extension and that the Social Security Administration send to counsel the contents and medical records, including the RFC, in the second file and that be incorporated in the record. . . . However, the Social Security Administration never complied or even responded to this request."). The Court therefore finds that the RFC assessment from the second application constitutes new and "material" evidence under 42 U.S.C. § 405(g) that should have been considered by the ALJ in this case.

For the reasons set forth above, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge finds that the decision of the Commissioner is REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 29th day of March, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma