# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM M. REES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-11-399-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court reversed the Commissioner's decision and remanded the case for further proceedings. On remand, the Administrative Law Judge ("ALJ") found that the Plaintiff was disabled and awarded him and his auxiliary beneficiaries past-due benefits. The Plaintiff's attorney now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that the Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 25] and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26] should be GRANTED and that Plaintiff's attorney should be awarded $16,537.10 in attorney's fees.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit has instructed held that "the best option . . . is for counsel to employ Federal Rule of Civil

Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the notice of award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of receipt of the notice of award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on June 10, 2014, more than thirty days after receipt of the notices of award on April 21, 2014, which the Plaintiff's attorney attributes to a "calendaring mistake" based on a supposed sixty-day filing period. The Court is not entirely satisfied with this explanation, but inasmuch as the motion is less than two weeks late and there are no timeliness objections by the Commissioner or the Plaintiff, the Court declines to find that the motion was not filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). The Court therefore finds that the motion for attorneys' fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow

as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The 25% limit does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The request in this case is for $16,537.10, which is 25% of the combined past due benefits due the Plaintiff and his auxiliary beneficiaries in accordance with their attorney fee agreement.[1] *See* Docket No. 26 at p. 2 & Exs. 2-4. The Court need therefore determine only if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors include: (i) the character of the

---

[1] The notices of award in this case are not entirely clear as to the actual amount of past-due benefits awarded to the Plaintiff and his beneficiaries. Each notice does, however, specify an amount being paid directly to the addressee and an additional amount being withheld by the Commissioner for payment of representative fees. The Plaintiff's attorney calculates the beneficiaries' past-due benefits by adding these two amounts, *i. e.*, the amount paid to the beneficiary plus the amount withheld for fees, but calculates the Plaintiff's past-due benefits by multiplying the amount withheld by the Commissioner for payment of fees by four. In the absence of any objection by the Commissioner (who is after all responsible for the notices of award), the Court is accepting at face value that these varying calculations do not result in the Plaintiff's attorney receiving more than 25% of the total past due benefits.

representation and results achieved; (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[;]" and, (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F. 2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Id.* at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $16,537.10 in attorneys' fees is reasonable for the work done in this case. First, the attorneys ably represented the Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled him not only to prevail

in his quest for social security benefits, but also to obtain $5,259.80 in attorneys' fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from his past-due benefits pursuant to Section 406(b). Second, there is no evidence that the Plaintiff's attorneys caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorneys, who spent a total of 27.3 hours on his appeal. *See* Docket No. 26, Ex. 5. This would equate to a rate of $606.00 per hour at most when accounting for the past-due benefits awarded to the Plaintiff and his auxiliary beneficiaries, which is not excessive given that the fee was contingent and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $16,537.10 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award reflects that the Commissioner withheld funds from the past due benefits to pay the fees of the Plaintiff's representatives, but it is not clear if those funds will be sufficient to satisfy the amount awarded herein to the Plaintiff's attorneys. While this would not prevent the Plaintiff's attorneys from recovering the entire amount awarded by the Court, it may require the attorneys to look to the Plaintiff rather than the past due benefits to recover any deficiency after the Commissioner pays out any withheld funds. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Further, because the $16,537.10 awarded herein pursuant to Section 406(b)(1) exceeds the

$5,259.80 previously awarded to the Plaintiff under the EAJA, the Plaintiff's attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, the Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket Nos. 25-26] are hereby GRANTED. The Court approves an award of attorney's fees in the amount of $16,537.10 to the Plaintiff's attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay to the Plaintiff's attorneys the balance of any past-due benefits in his possession up to said amount. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 11th day of July, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma